UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DYE ANN HENDERSON                                    CIVIL ACTION

VERSUS                                               NO. 12-691-SDD-RLB

J.C. PENNY CORPORATION, INC.

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 16, 2013.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DYE ANN HENDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-691-SDD-RLB** |
| **J.C. PENNY CORPORATION, INC.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand, filed on December 3, 2012 (R. Doc. 2), and Defendant's Opposition (R. Doc. 3) and Supplemental Opposition (R. Doc. 7).[1] Defendant removed Plaintiff's action on November 2, 2012 on the basis of diversity jurisdiction. (R. Doc. 1). The issue before the Court is whether the requisite amount in controversy is met and removal was appropriate and timely based upon the receipt of "other paper" from which it may be ascertained that the case is removable. 28 U.S.C. §§ 1332(a), 1446(b)(3). Based on the parties' memoranda and supporting evidence, **IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 2) be **DENIED**.

I.     PROCEDURAL BACKGROUND

In this action, Plaintiff alleges she sustained injuries after slipping and falling in Defendant's store located at Cortana Mall in Baton Rouge, Louisiana on March 20, 2012. (R. Doc. 1-2 at 3). Plaintiff filed her Petition in the 19th Judicial District Court for East Baton Rouge Parish, Louisiana on May 21, 2012. (R. Doc. 1-2 at 3). Pursuant to state law, Plaintiff's

---

[1] Defendant originally sought leave of court (R. Doc. 4) to file a Sur-Reply (R. Doc. 4-2) in support of its Opposition (R. Doc. 3). The Court granted Defendant's Motion for Leave (R. Doc. 6), explaining that it would treat Defendant's Sur-Reply as a Supplemental Opposition since Plaintiff had not filed a reply in support of her Motion to Remand. (R. Doc. 6). The Court refers to Defendant's Sur-Reply as its Supplemental Opposition throughout its Report and Recommendation.

1

Petition includes categorical damages, without specifying actual amounts (R. Doc. 1-2 at 3-4). *See* La. C. Civ. P. art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief."). After receiving service, Defendant propounded discovery on June 21, 2012, to determine the amount in controversy. (R. Doc. 1 at 2). Defendant's discovery requested that Plaintiff "itemize all damages claimed as a result of the alleged loss." (R. Doc. 1 at 2). Plaintiff responded on August 8, 2012, stating that her damages were "[u]ndetermined at th[at] time." (Pl.'s Resp. to Interrog. No. 14, R. Doc. 2-2 at 6). Despite her discovery response, Plaintiff later testified that she "believe[d]" her damages exceeded $75,000 during her October 12, 2012 deposition. (R. Doc. 1 at 2; Pl.'s Dep., R. Doc. 1-2 at 15). Based on Plaintiff's deposition testimony, Defendant removed the action to this Court on November 2, 2012. (R. Doc. 1).

Defendant represents that Plaintiff is a citizen of Louisiana, while Defendant is a citizen of both Texas and Delaware. (R. Doc. 1 at 3). According to Defendant, it timely removed "within 30 days after receipt" of other paper — Plaintiff's deposition testimony — "from which it may first be ascertained that the case is one which is or has become removable." (R. Doc. 1 at 5) (quoting 28 U.S.C. § 1446(b)(3)). Plaintiff does not dispute that removal occurred within 30 days of her deposition. Instead, Plaintiff disagrees that her deposition constitutes "other paper" under 28 U.S.C. § 1446(b)(3). (R. Doc. 2 at 6). Plaintiff moves to remand because her deposition "is not the type of reliable testimony that will support . . . jurisdiction in diversity cases regarding the amount of damages." (R. Doc. 2 at 6). Defendant opposes remand and argues the amount in controversy is met based on Plaintiff's deposition, medical records, and the facts and injuries alleged in her Petition. (R. Doc. 3 at 2). According to the record, both parties agree they are completely diverse.

## II.  APPLICABLE LAW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Whether subject matter jurisdiction exists at the time of removal is based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]")

## III.  DISCUSSION

### A.  Diversity of Citizenship

The general diversity statute, 28 U.S.C. § 1332(a), "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  According to her Petition, Plaintiff is a "resident and domiciliary . . . of the Parish of Pointe Coupee, Louisiana." (R. Doc. 1-2 at 3); *see, e.g., Morris v. Gilmer*, 129 U.S. 315, 327 (1889) (person is a citizen of the state in which they are domiciled); *Mas v. Perry*, 489 F.2d 1974 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").  Defendant, a corporation, represents its state of incorporation as Delaware and Texas as its principal place of business. (R. Doc. 1 at 3; R. Doc. 1-2 at 16, 19); *see Hertz Corp v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1192 (2010) (corporation

3

is citizen of both its state of incorporation and its principal place of business); 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"). Based on the parties' representations, the Court finds that Plaintiff — a citizen of Louisiana — and Defendant — a citizen of Delaware and Texas — are completely diverse.

### B.     Amount in Controversy

Having established complete diversity of citizenship, the Court turns to a more difficult question: Whether the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. §1446(c)(2), if removal is sought on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." However, if the "State practice . . . does not permit demand for a specific sum . . . [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The removing defendant bears the burden of proof and may do so by: (1) showing "it is apparent from the face of the petition that the claims are likely to exceed $75,000;" or (2) establishing "summary judgment type evidence" to support the amount exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). If the defendant is successful, the plaintiff seeking remand must "show that, as a matter of law, it is certain that he will not be able to recover more than the" statutory amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (applying the preponderance of the evidence standard to both plaintiff's and defendant's burdens of proof).

Plaintiff argues that, because her Petition seeks an unspecified amount of damages, "Plaintiff's claim fails to meet the statutory threshold for diversity subject matter jurisdiction"

4

and is not subject to removal. (R. Doc. 2 at 3-4). Plaintiff's argument is incorrect. Indeed, Louisiana does not permit demand for a "specific monetary amount of damages." *See* La. C. Civ. P. art. 893(A)(1).[2] Compliance with this rule does not serve to divest federal jurisdiction. Instead, the Petition's failure to affirmatively reveal on its face that Plaintiff is seeking damages in excess of the minimum jurisdictional amount only means that Defendant was not required to remove the case within the thirty day period following receipt of the initial pleading. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) ("the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."). Plaintiff's action may become removable during its first year if Defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that" federal jurisdiction exists. 28 U.S.C. § 1446(b)(3).

Defendant bears the burden of proving, by a preponderance of the evidence, the jurisdictional amount in controversy. Because it is not clear from the Petition, Defendant must establish the amount by producing summary judgment-type evidence to defeat Plaintiff's Motion to Remand. *Manguno*, 276 F.3d at 723. Defendant asserts the amount in controversy is satisfied based on: (1) Plaintiff's deposition; (2) Plaintiff's lost wages and medical expenses; (3) the Petition's failure to allege the federal jurisdictional amount cannot be met; and (4) damage awards in cases alleging similar facts and injuries. (R. Doc. 3 at 2). As such, the question before the Court is whether Defendant's evidence satisfies its burden.

---

[2] Article 893(A)(1) of Louisiana's Code of Civil Procedure generally prohibits a plaintiff from pleading a "specific monetary amount of damages." Consistent with State law, Plaintiff's Petition pleads categorical damages—"[p]ain and suffering, past and future; [m]ental anguish and distress, past and future; lost wages; [p]ermanent injuries; and [m]edical expenses, past and future"—in unspecified amounts. (R. Doc. 1-2 at 3-4).

Defendant asserts that Plaintiff's October 12, 2012 deposition constitutes "other paper" indicating the cause of action met the statutory requirement for amount in controversy. (R. Doc. 1 at 4).[3] At her deposition, Plaintiff testified that she "believe[d]" her damages were in excess of $75,000. (R. Doc. 3 at 2); (Pl.'s Dep., R. Doc. 1-2 at 15) ("Q. . . . well, do you believe that your damages exceed $75,000 . . . A. Yeah, I – I believe."). According to Defendant, the "Fifth Circuit . . . [has] acknowledged that deposition testimony constitutes an 'other paper' for purposes of removal." (R. Doc. 3 at 3). Plaintiff acknowledges that depositions may qualify as other paper, but argues her deposition falls short because her testimony was not "unequivocally clear and certain." (R. Doc. 2 at 5) (citing *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) ("information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain'")).

Plaintiff suggests that her response "was off the cuff, unknowing, equivocal, unclear, uncertain, and without personal knowledge, and is therefore, insufficient to establish the jurisdiction threshold . . . thereby making the deposition transcript, an insufficient 'other paper.'" (R. Doc. 2 at 2-3). Plaintiff's only support for this argument is her own Affidavit which states: "When she responded 'Yeah I – I believe' . . . she had no personal knowledge or any idea as to the amount of damages she sustained . . . and [s]he simply did not know at the time . . . , nor does she know now, the amount of damages she sustained." (Pl.'s Aff., R. Doc. 2-4).

The Court finds Plaintiff's argument unpersuasive. A plaintiff's deposition testimony may constitute "other paper" under section 1446(b) if it gives rise to new facts warranting removal. *See S.W.S. Erectors, Inc., v. Infax, Inc.*, 72 F.3d 489, 491-92, 494 (5th Cir. 1996) (plaintiff's corporate president's deposition testimony that the "actual damages" exceeded the

---

[3] Neither party disputes that Defendant removed the action on November 2, 2012, within 30 days of Plaintiff's deposition and within one year of the action's commencement, as required by 28 U.S.C. § 1446(b)(3), (c).

6

jurisdictional amount constituted other paper). In the context of "other paper," the Fifth Circuit has generally held that a case becomes removable only when a "voluntary act" of the plaintiff makes it ascertainable for the first time that the federal jurisdiction exists. *S.W.S. Erectors, Inc.*, 72 F.3d at 494 (citing *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 254 (5th Cir. 1961) (non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court . . . , but that such conversion can only be accomplished by the voluntary [act of] the plaintiff").

Plaintiff's deposition goes much further than her general belief that her damages exceed $75,000. Throughout her deposition, Plaintiff describes her injuries, pain and treatment in great detail. According to Plaintiff, she injured her right knee, right leg and lower back. (R. Doc. 3-1 at 4, 6, 7, 14). Plaintiff states that she can "hardly walk" and that it's "like something pulling, painful" in her right leg "when [she] walk[s]." (R. Doc. 3-1 at 4). Plaintiff describes a large size bruise that still remains on her leg at the time of her deposition — almost 7 months after her accident. (R. Doc. 3-1 at 5). Her knee was, and apparently still is, swollen from the fall. (R. Doc. 3-1 at 6). Plaintiff testifies that her knee was initially bruised, but after the bruising stopped she was left with a "knot" in her right knee. (R. Doc. 3-1 at 6). Plaintiff also relays that her doctor told her something has "shift[ed] in [her] back . . . vertebrae, everything . . . shift[ed] out of place." (R. Doc. 3-1 at 14). Plaintiff also states she has begun having problems with arthritis. (R. Doc. 3-1 at 10).

Almost 7 months after her accident, Plaintiff answers in the negative when asked if her "right leg and right knee [have] gotten better." (R. Doc. 3-1 at 7). Plaintiff consistently testifies that her pain began immediately after her fall and has continued to persist at the same level or worsened. (R. Doc. 3-1 at 7). She describes the level of pain in her right leg and knee as a 9 out

of 10, both at the time of her fall — March 20, 2011 — and at the time of her deposition — October 12, 2012. (R. Doc. 7-8). The pain, she explains, is constant. (R. Doc. 3-1 at 10). While her leg and knee pain persists at the same level, Plaintiff testifies that her back pain, which is sharp and constant, began as an 8 out of 10, but is now at a 9. (R. Doc. 3-1 at 11).

Finally, Plaintiff testifies regarding her past and future medical treatments related to her injury. According to Plaintiff, she has been consistently prescribed pain medication (R. Doc. 3-1 at 8) and received an epidural for her lower back pain (R. Doc. 3-1 at 12). Despite the epidural relieving only some pain for about two weeks, Plaintiff states that more epidurals have been recommended. (R. Doc. 3-1 at 12, 14). Plaintiff also explains that her doctor informed her that she "is probably going to have to have [surgery]" to treat her lower back. (R. Doc. 3-1 at 14). Finally, she discusses her lost wages and testifies that she made $8 an hour and worked about 24 hours a week, before her termination. (Pl.'s Dep., R. Doc. 3-1 at 2).

It was only *after* Plaintiff provided the above information that she told Defendant's counsel she "believe[d]" her claims exceeded $75,000. (Pl.'s Dep., R. Doc. 1-2 at 15). After reviewing Plaintiff's deposition testimony, the Court cannot accept Plaintiff's statements in her affidavit that she "has no personal knowledge or any idea as to the amount of damages she sustained . . . ." (R. Doc. 2-4 at 1). The factual basis for Plaintiff's response was well within her personal knowledge as was demonstrated through her detailed statements. Contrary to Plaintiff's argument, hers is exactly the type of "reliable testimony" that will support subject matter jurisdiction. *Cf. Rivers v. Int's Matex Tank Terminal*, 864 F. Supp. 556, 559 (E.D. La. 1994) (plaintiff lacked personal knowledge for her deposition to be certain enough to constitute other paper where her "claim stem[med] from injuries incurred by a third party, her husband, that were caused by events independent of and to her.").

Additionally, Defendant has presented evidence in its Opposition and Supplemental Opposition which, independent of Plaintiff's deposition, satisfies the amount in controversy requirement. (Def.'s Opp., R. Doc. 3-1; Def.'s Supplemental Opp., R. Doc. 4-3); *see Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (court may consider post-removal evidence "only if relevant to" the "time of the removal"); *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (same). This additional evidence includes physical therapy records and medical records, one of which indicates that due to her injuries, Plaintiff's upcoming surgery discussed in her deposition "will cost an estimated $134,042." (R. Doc. 7 at 2; R. Doc. 4-3 at 4); *see Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 620 (E.D. La. 2001) (denying remand based on plaintiff's discovery responses attached to defendant's "Supplemental Memorandum in Opposition to Motion to Remand," part of which indicated plaintiff's "possible spinal surgery" would cost "[a]pproximately $25,000").

Defendant provides further support by citing to state court damage awards in similar cases. (R. Doc. 3 at 7-11) (citing cases); *see Borill v. Centennial Wireless, Inc.*, 872 F. Supp. 2d 522, 528 (W.D. La. 2012) (considering "a review of awards for similar injuries" to determine amount in controversy). Defendant represents that damages for "a soft tissue back injury range from $2,000 - $3,000 per month," and that "for Plaintiff's knee injury . . . comparable general damages [] range from $15,000 - $40,000." (R. Doc. 3 at 7, 10). Defendant combines this information with Plaintiff's testimony of her lost wages—24 hours a week at $8 an hour—to estimate her damages fall between "$128,779 - $161,799." (R. Doc. 3 at 11-12). Defendant also notes Plaintiff's failure to include a statement in her Petition that her damages are less than the amount required for federal diversity jurisdiction as required in Louisiana by article 893(A)(1). (R. Doc. 3 at 4-5) (citing La. C. Civ. P. art. 893(A)(1) ("if a specific amount of damages is

9

necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required)); *see Clayton v. Am. Sec. Ins. Co.*, 466 F. Supp. 2d 720, 723 (M.D. La. 2006) ("The fact that the plaintiff did not make the jurisdictional allegation required by La. Code Civ. P. art. 893(A)(1) supports the conclusion that the jurisdictional amount is satisfied."); *Borill*, 872 F. Supp. 2d at 528 (plaintiff's failure to allege "her damages are less than the amount required for federal diversity jurisdiction" supported the denial of remand). Considering the evidence submitted by Defendant in support of removal, the Court finds it has met its burden.

For these reasons, the Court finds that Plaintiff's deposition qualifies as "other paper" under section 1446(b)(3) and that Defendant has met its burden of establishing the amount in controversy requirement. The Court further finds that Defendant's removal on November 2, 2012 was timely as it occurred within thirty days of the deposition taken on October 12, 2012.

Because Defendant has established that federal jurisdiction is warranted, Plaintiff must demonstrate "to a legal certainty that the claim is really for less than the jurisdictional amount to justify [remand]." *St. Paul Mercury*, 303 U.S. at 289. Plaintiff may do so by filing a binding stipulation or affidavit that she cannot recover damages in excess of $75,000. *De Aguilar*, 47 F.3d at 1412. The Court finds that Plaintiff's affidavit is insufficient to rebut Defendant's evidence and "show that, as a matter of law, it is certain that [she] will not be able to recover more than the" statutory amount. *Id.* at 1411. Plaintiff's conclusory statement that she lacks "personal knowledge" of the very injuries and damages she allegedly sustained is not competent evidence to support remand. *See Clayton*, 466 F. Supp. 2d at 722-23 ("Plaintiff's post-removal affidavit [was] not a binding stipulation, and too vague to defeat the defendant's showing that jurisdiction [was] apparent on the face of the petition." *Id.* at 723.). As Defendant points out,

10

Plaintiff's affidavit does not even state that she cannot or does not seek to recover damages in excess of $75,000. (R. Doc. 3 at 13). As such, the Court finds that it has subject matter jurisdiction over Plaintiff's cause of action.

## IV.     RECOMMENDATION

For the reasons given above, it is the **RECOMMENDATION** of the United States Magistrate Judge that Plaintiff's Motion to Remand be **DENIED**.

Signed in Baton Rouge, Louisiana, on July 16, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**